ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for IPFS Corporation*
730 Third Avenue
New York, New York 10017
Telephone: (212) 223-0400
Michael S. Davis
Robert Guttmann

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MANCHANDA LAW OFFICE PLLC,<br><br>Debtor. | Chapter 7<br>Case No. 23-11805 (SHL)<br><br>**OPPOSITION TO DEBTOR'S**<br>**MOTION FOR CONTEMPT** |

    Zeichner Ellman & Krause LLP ("ZEK") on behalf of itself and its attorneys Michael S. Davis and Robert Guttmann, respectively, as well as its clients IPFS Corporation ("IPFS") and Lisa Chandler, Litigation and Bankruptcy Recovery Manager at IPFS, objects to the Debtor's improper Motion for Contempt (the "Motion," filed on December 21, 2023 at Docket no. 13) made against all the afore-mentioned individuals and entities (the "Respondents"), and states as follows:

## BACKGROUND

    1.  IPFS financed a certain professional liability insurance policy (the "Policy") that was issued to Manchanda Law Office PLLC. ("Debtor") pursuant to a premium finance agreement with the Debtor (the "Agreement," see Docket no. 8, Exhibit A-)

    2.  Debtor failed to make several payments to IPFS under the agreement prior to filing for bankruptcy. Accordingly, and because its security under the Agreement is

diminishing on a daily basis, IPFS, by its undersigned counsel made a Motion for Relief from Stay and Related Relief on December 19, 2023 (the "Lift Stay Motion," Docket no. 8) with a hearing date scheduled by the Court for January 10, 2024.

3. The Motion seeks to find the Respondents civilly and criminally liable for a violation of the automatic stay because of the filing of the Lift Stay Motion. This ostensible basis for a finding of contempt is absurd and merits FBRP 9011 sanctions.

4. A motion to lift the automatic stay cannot be a violation of the automatic stay. See, In re Biehl, 2017 Bankr. LEXIS 659 (Bankr. C.D. Cal 2017)* 8-9 ("The filing of a relief from stay motion is not, itself, a violation of the automatic stay for two reasons. First, Rudat's motion does not fit within any of the categories of stayed acts under § 362(a). Second, Rudat's motion is specifically authorized under § 362(d) and, also in accordance with the Court's order of November 8, 2016, the motion is not a violation of § 362(a).")

5. Moreover, contrary to the assertions in paragraph 2 of the Motion, Respondents never did receive formal notice of these bankruptcy proceedings because Debtor inexplicably omitted IPFS from its Petition. See Docket no. 1.

6. Despite emailing the Debtor, in his capacity as a *pro se*, on December 29, 2023 urging him to withdraw his meritless motion and that failure to do so put him at risk of Rule 11 sanctions, Debtor, an attorney, responded with an email accusing the undersigned counsel of threatening him and engaging in frivolous and vexatious litigation by the filing of the Lift Stay Motion. (Correspondence attached as Exhibit A)

7. Aside from making the Motion to Lift Stay and corresponding with Debtor as described above, no other "communication" has been made with Debtor and, indeed, none is referenced in the Motion.

8. Accordingly, the Respondents request the Motion be denied in its entirety and that the Court grant them such additional relief as it deems just.

Dated: New York, New York
January 3, 2024

ZEICHNER ELLMAN & KRAUSE LLP

By: ⎯⎯/s/ Robert Guttmann⎯⎯
Michael S. Davis
Robert Guttmann
730 Third Avenue
New York, New York 11017
Telephone: (212) 223-0400
Facsimile: (212) 753-0396

*Counsel for Respondents*

4887-6509-9674, v. 2