| UNITED STATES BANKRUPTCY COURT | Hearing Date: January 10, 2024 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 am |

------------------------------------------------------------X
In the Matter of:                                   :        Chapter 7

MANCHANDA LAW OFFICE PLLC,       :        Case No. 23-11805-SHL

                          Debtor.        :
------------------------------------------------------------X

**OPPOSITION OF THE HON. RACHEL ADAMS AND THE HON. STEVEN MOSTOFSKY TO DEBTOR'S MOTION FOR CIVIL AND CRIMINAL CONTEMPT**

The Honorable Rachel Adams and the Honorable Steven Mostofsky (collectively the "State Court Justices") respectfully submit, through their counsel, Letitia James, the Attorney General of the State of New York, their Opposition to the Debtor's Motion for Civil and Criminal Contempt.

**PRELIMINARY STATEMENT**

1. This Motion seeks, among other things, to hold two Justices of the New York State Supreme Court in contempt for an alleged violation of the automatic stay as a result of the pre-petition issuance of a State Court Order *on default* compelling Mr. Manchanda to turn over his case file in a marriage dissolution action pending in Supreme Court, Kings County. The Debtor claims that the State Court's Order impinges upon a retaining lien that his Estate allegedly possesses on this file.

2. The Debtor's Motion for Contempt against Justices Adams and Mostofsky should be summarily denied for myriad reasons. First, to the extent that there is a retaining lien on the case file, that is the property of the Debtor's Estate and, accordingly, only the Chapter 7 Trustee has standing to seek damages for a violation of the automatic stay relating to that property, not the Debtor. Second, even if that were not the case, the doctrine of absolute judicial immunity

bars any such claim being asserted against these State Court Justices. And even if that were not the case, no facts have been alleged to establish a basis for a finding of contempt against either of these State Court Justices. Indeed, the State Court Order compelling the transfer of the file pre-dated this Bankruptcy Case. For these reasons and more, this Court should give the Debtor's contempt motion short shrift.

## FACTUAL BACKGROUND

### A. The Underlying Marriage Dissolution Case

3. The Debtor Manchanda Law Office LLC (the "Debtor"), through Attorney Rahul Dev Manchanda, was counsel to Edwin S. Williams, the defendant in a marriage dissolution action, entitled *Rosita G. Williams v. Edwin S. Williams*, Index No. 551684/2020 (Supreme Court, Kings County) (the "Marriage Dissolution Case"). Justice Rachel Adams and Justice Steven Mostofsky are Justices of the New York State Supreme Court, Kings County. Justice Adams was assigned to this Marriage Dissolution Case.

4. On or about March 16, 2023, the Debtor entered into a Consent to Change Attorney, withdrawing from the case and substituting Karen Goldberg Sager, Esq., as counsel for Edwin S. Williams. (Exhibit 1). The Debtor thereafter apparently refused to turn over to Ms. Goldberg the case file in the Marriage Dissolution Case, claiming the existence of a retaining lien on the file in the amount of approximately $6,500. As a consequence, on or about June 16, 2023, Ms. Goldberg filed with the State Supreme Court, by Order to Show Cause, a motion to compel the Debtor to transfer the case file to her and to stay the case pending receipt of the file.

5. While Justice Adams was the jurist assigned to the case, on July 18, 2023, she issued an Order requesting that Ms. Goldberg's Order to Show Cause be reassigned to another Justice since, at the time, Mr. Manchanda had indicated to Justice Adams' Chambers that "he ha[d] filed a

complaint against" her and thus the Court wished to "avoid the appearance of impropriety." (Exhibit 2).

6. Justice Steven Mostofsky was then assigned this motion and on July 21, 2023, he executed the pending Order to Show Cause scheduling a hearing on the matter for August 14, 2023, via Microsoft Teams. (Exhibit 3). The Debtor did not appear at oral argument on the Order to Show Cause and did not submit opposition thereto. Accordingly, on September 6, 2023, Justice Mostofsky issued an Order granting the motion on default, noting that the Debtor had not appeared or submitted opposition to the motion, and ordering the Debtor to "deliver his case file to Ms. Goldberg Sager within 14 days of personal service of this Order." (Exhibit 4). The Debtor did not appeal, or seek reconsideration of, the State Court Order.

7. Thereafter, Ms. Goldberg apparently had difficulty serving Mr. Manchanda personally and, as a result, filed a further Order to Show Cause, seeking the Court to permit alternative service of the Court's September 6th Order on Mr. Manchanda "so that he forwards Defendant's file to his new attorney forthwith." On December 12, 2023, Justice Mostofsky issued the Order to Show Cause, setting a hearing in the matter for January 12, 2024, by Microsoft Teams. (Exhibit 5).

**B. The Debtor's Bankruptcy Filing and the Present Motion for Contempt**

8. On February 4, 2023, Raul Dev Manchanda filed for Chapter 7 bankruptcy protection in this Court. *In re Raul Dev Manchanda*, 23-22095 (Bankr. S.D.N.Y.). Thereafter, on November 13, 2023, Manchanda Law Office PLLC, the movant on the present motion, filed for Chapter 7 bankruptcy protection in this Court. *In re Manchanda Law Office PLLC*, 23-11805 (Bankr. S.D.N.Y.).

9. On December 27, 2023, Debtor Manchanda Law Office PLLC brought this motion

seeking to hold, among others, Justice Adams and Justice Mostofsky in civil and criminal contempt for violating the automatic stay. The Debtor alleges that the conduct of hearings and the demands that it turn over the files to new counsel in the Marriage Dissolution Case violated the automatic stay under 11 U.S.C. § 362.

**ARGUMENT**

10. This Court should summarily dismiss this Motion for Contempt against the State Court Justices. There is no legal or equitable basis for this Court to waste time on what is at core a baseless and ill-advised filing.

**I. The Debtor Lacks Standing to Pursue this Motion**

11. Even were this Court inclined to hear this matter, the Debtor has no standing to pursue it in this Court since the claims, if any, are property of the estate. Under 11 U.S.C. § 541(a)(1), the commencement of a bankruptcy case "creates an estate . . . that is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." Under 11 U.S.C. § 541(a)(7), a claim to recover compensatory contempt damages for violation of the automatic stay is the property of the estate. *See In re Synergy Law, LLC*, 2020 WL 2125871, at *1 (Bankr. D.D.C. May 4, 2020).

12. It follows, therefore, that the right to seek to recover contempt damages is property of the estate, not the property of the Chapter 7 Debtor. The Chapter 7 Trustee "is the representative of the estate and retains the sole authority to sue and be sued on its behalf." *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir 2004); *In re Synergy Law, LLC*, 2020 WL 2125871, at *1. A debtor thus lacks standing to sue for a violation of the automatic stay occurring when the violation occurred with respect to property when it was property of the estate. *In re Synergy*, 2020 WL 2125871, at *2; *Meneses v. Long Island R.R. Co.*, 2006 U.S. Dist. LEXIS 20471, at *6 (S.D.N.Y.

4

Mar. 19, 2009); *Wells Fargo Bank, N.A. v. Jimenez*, 406 B.R. 935, 944-45 (D.N.M. 2008).

13. There is no debate on this point. The Debtor's Motion expressly claims that the retaining lien that it purportedly possesses over the file at issue is "part of the bankruptcy estate." (Docket Entry #12, ¶ 2). Accordingly, even if this Court were to accept everything the Debtor alleges as true, the Trustee – not the Debtor – has the exclusive authority to seek remedies with respect to Estate property. This Motion must be summarily denied.

**II. Absolute Judicial Immunity Bars This Motion Against the State Court Justices**

14. Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority. *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Festinger v. Snitow Kaminetsky Rosner & Snitow LLP*, 2021 WL 4700543, at *7 (S.D.N.Y. July 6, 2021). The immunity protects judges unless (i) the Debtor's allegations relate to non-judicial actions, or (ii) the judge acted in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

15. All of the Debtor's allegations on this motion relate to judicial acts taken by Justice Mostofsky – the issuance of the September 6th Order and the issuance of the December 12th Order. No other factual allegations are made. Those allegations, by definition, concern actions that are routinely performed by judges in legal proceedings. *See Buhannic v. Friedman*, 2019 WL 481732, at *5 (S.D.N.Y. Feb. 7, 2019) (judge's decisions on motions are "quintessential judicial acts" for purposes of absolute immunity); *Weaver v. Schiavo*, 2020 WL 496301, at *6 (S.D.N.Y. Jan. 30, 2020) (same), *aff'd sub nom. Weaver v. OneWest Bank, FSB*, 2020 WL 8767781 (2d Cir. Dec. 3, 2020).

16. Similarly, as the Justices presiding over the Marriage Dissolution Case, both Justice

Adams and Justice Mostofsky had clear jurisdiction to manage the matter and to rule upon motions made in that case. No exception to absolute judicial immunity thus applies. And even though the Debtor's motion is replete with unwarranted, vague and unspecified references to "threatening, harassing, intimidating" conduct, allegations of malice, bad faith or bias are insufficient to defeat absolute immunity. *See Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005). The motion should be summarily denied.

### III. No Factual Basis Is Alleged Supporting a Finding of Contempt

17. Even if none of the above bases for denial of the motion were applicable, there still would be no legal or factual basis to hold Justice Adams or Justice Mostofsky in contempt for alleged violation of the automatic stay. Simply put, no facts are alleged to substantiate such a conclusion.

18. First, as to Justice Adams, as the record establishes, she played no role in the issuance of the Order compelling the Debtor to turn over his file to Ms. Goldberg. Justice Adams had removed herself from this issue in view of the fact that Mr. Manchanda had purportedly filed a complaint against her. (Exhibit 2). None of the State Orders at issue were entered by Justice Adams and none were issued by her. To bring a contempt motion against her in those circumstances is beyond the pale. There is no factual basis to claim that Justice Adams has taken any action even implicating the automatic stay, let alone violating it.

19. The same is true for Justice Mostofsky. Initially, the September 6th Order compelling the transfer of the file *predates the Debtor's November bankruptcy filing*. Accordingly, that Order cannot form a basis for a claim of a violation of the automatic stay. The December 12th Order simply scheduled a hearing on the issue of alternative service of the September 6th Order. In other words, the State Court directive for the Debtor to transfer the file came well before Manchanda Law

Office LLC filed for bankruptcy. As a consequence, any effect of the September 6th Order on the Debtor's alleged retaining lien was the result of acts *prior to* the Debtor's bankruptcy filing. There simply is no basis to assert a violation of the automatic stay.

20. Furthermore, the Debtor wholly ignores the fact that Justice Mostofsky issued his Order of September 6, 2023, *on default*. (Exhibit 3). The Debtor did not file opposition to the motion to transfer the file and did not appear at the hearing on the motion. Under those circumstances, there is no plausible basis for claiming that Justice Mostofsky's Order – or any follow up to that Order -- in any way violated the automatic stay, let alone amounted to a willful and intentional act, as alleged in the Debtor's contempt motion.

21. While New York recognizes a limited right of an attorney, upon substitution, to assert a retaining lien on its client's file when the client has failed to pay his reasonable legal fees, that is at times trumped where there has been a substitution of attorneys and the files are ordinarily necessary to the conduct the litigation by the new attorney. *See, e.g., Matter of Science Dev. Corp.*, 159 A.D.2d 343 (1st Dep't 1990); *Rosenberg & Estis, P.C. v. Stewart*, 138 Misc. 2d 72, 72 (Supreme Ct., N.Y. County 1987). The time for the Debtor to have engaged on the issue of the alleged retaining lien and its effects was when Mr. Williams made his motion in the Marriage Dissolution Case for Mr. Manchanda to transfer the file. Mr. Manchanda did not do so, instead defaulting on the motion in its entirety. Justice Mostofsky had every right to issue his Order of September 6th, given Mr. Manchanda's default.

22. In any event, to the extent that the Debtor is owed monies from its former client, the Estate then has a claim against that former client. That claim is not lessened or lost by any action of the State Court Justices. The Chapter 7 Trustee remains free to pursue that claim against the former client in the bankruptcy.

## CONCLUSION

23. For all of the foregoing reasons, Debtor Manchanda Law Office LLC's motion for contempt against Justice Adams and Justice Mostofsky should be summarily denied.

Dated: New York, New York
January 3, 2024

Respectfully submitted,

**LETITIA JAMES**
Attorney General
State of New York
*Attorney for Honorable Rachel Adams
and Honorable Steven Mostofsky*

By: /.s/Leo V. Gagion
Leo V. Gagion
Assistant Attorney General
28 Liberty Street, 17th Floor
New York, NY 10005
Telephone: (212) 416-8592
Email: leo.gagion@ag.ny.gov