**MANCHANDA REAL ESTATE BROKER
NEW YORK LLC
125 PARK AVENUE, 25TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 968-8600
FAX: (212) 968-8601
EMAIL: INFO@MANCHANDA-REALESTATE.COM**

July 16, 2025

**VIA U.S. MAIL, PRO SE UNIT, AND HAND DELIVERY**

Judge Kenneth Karas
SDNY District Court
300 Quarropas Street
White Plains, New York 10601

Judge Sean Lane
SDNY Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

**RE:   Bankruptcy Case Index Nos SDNY 23-22095, 23-11805 and District Court Case No SDNY 25-CV-04105(KMK)
Response Letter to Jung Joo Moon Letter Dated July 9, 2025**

Dear Judges Lane and Karas:

In response to Jung Joo Moon's latest unintelligible, contradictory, erratic, and insane pleading dated July 9, 2025, Debtor (separately from the Schutzer Group) responds as follows:

1. Once again this Jung Joo Moon engages in unlimited harassment of Debtor by filing multiple pleadings in this court, and when undersigned Debtor responds and files counterclaims and motion for contempt, Ms Moon claims "victimhood status."

2. The fact of the matter is that within this very bankruptcy court, Jung Joo Moon has filed multiple pleadings ostensibly to seek opposition to Debtor's discharge, to lift the automatic bankruptcy stay, to try and collect a "refund" of her duly earned retainer fee paid of $10,000 when she in fact owes Debtor and/or the estate $30,000, and other vexatious litigation.

3. Since Judge Sean Lane did not rule on either her multiple harassing pleadings, or undersigned Debtor's Replies, Counterclaims, and Contempt Motions in his May 12, 2025 "Order," Debtor has been left rudderless and uncertain of the status of her (and Debtor's) claims, with no answers to his questions.

4. So we appealed to Judge Karas' chambers, who now has personal and subject jurisdiction over this matter, Jung Joo Moon, and Debtor in SDNY case 25-CV-04105(KMK).

5. Debtor (whom Jung Joon Moon refers to as "Claimant") did not file anything against Jung Joo Moon claiming $30,000, his law firm/collection agency Schutzer Group did, without Debtor's knowledge or review, after receiving from Debtor any and all documents, pleadings, and case history for almost (at this point) 70 overdue accounts from his newly formed, post-petition law firm Manchanda Law Office and Associates PLLC, with Tax ID No. 93-4627147, as opposed to the law firm that's in bankruptcy, Manchanda Law Office PLLC, with Tax ID No 45-4661951.

6. Since one of her goals was to remove our fee dispute from this bankruptcy court, and her requests and our replies have gone unanswered by this or the appeals court, a material question of fact and law remains whether or not the fee dispute lies outside or inside this bankruptcy proceeding.

7. The Schutzer Group, ostensibly after reviewing all disclosures, pleadings, and paperwork relating to Jung Joo Moon (including this bankruptcy court), and having 35 years experience as both collections lawyers and agents, made their own decision to reach out to Jung Joo Moon to seek a settlement of the dispute.

8. Debtor had no idea what, if anything, Schutzer Group communicated to Jung Joo Moon, as they are the collections experts and lawyers, and Debtor had no reason to either distrust either their competence or motivation to read and understand said submitted documents, pleadings, and disclosures relating to Jung Joo Moon.

9. Once again Jung Joo Moon bald faced lies when she claims that she never received itemized bills, invoice for services rendered, an accounting of the $10,000 retainer, since she herself put them into her own exhibits in this very court.

10. Since Jung Joo Moon wants so badly in her paperwork to lift the stay of the bankruptcy filing, then here she now has her chance to discuss/negotiate with Debtor's lawyers, the Schutzer Group.

11. Debtor's disbarment (which he is currently appealing in SDNY 25-CV-3935 as a retaliation claim simply for fighting for his kids and filing protected speech government complaints and civil rights lawsuits related therein) had nothing to do with Jung Joo Moon's lunacy, since the Attorney Grievance Committee even rejected her "ethics complaint" and referred her to the Fee Dispute Committee.

12. Once again Jung Joo Moon lies about not being "listed as a creditor" since her collections agency records from no less than 3 separate agencies was turned over as accounts receivables to this court, where she missed the 341 Creditor Hearings and filed to oppose Debtor's discharge more than 2.5 years after case filing.

13. Everyone else got the Notice, why didn't she?

14. Maybe because she moves so much.

15. Either way, she was personally noticed when the NYC Civil Court was personally advised of the Bankruptcy Stay and Filing soon after case filing (that she still ignores).

16. Because of Jung Joo Moon's own actions in this and other courts, a *bona fide* and material question of law and fact exists on whether or not the stay still applies to her, whether the fee dispute is active or not, whether proper jurisdiction is in this or another court, or if her relentless actions have risen to the level of contempt of court or not, all of which questions went unanswered by Judge Sean Lane on May 12, 2025 in his last "Order" which was then appealed to Judge Karas' court in case 25-CV-04105(KMK).

17. Once again Jung Joo Moon litigates the "merits" of her underlying fee dispute in this court, even though it has been removed by Judge Sean Lane on May 12, 2025 in his "Order."

18. Debtor has no knowledge or information on Jung Joo Moon's hysterical allegations that the Schutzer Group did not mail or serve her properly, as Debtor did not either see, preview, or consent to any such communications by the Schutzer Group.

19. As the record shows, Jung Joo Moon has been offered Part 137 arbitration by no less than 5 law firms (including undersigned Debtor's) in the last 5 years.

20. Jung Joo Moon's quoting of the "New York Rules of Professional Conduct" no longer has any bearing on Debtor or the fee dispute, since he is no longer a lawyer as of November 21, 2024, and is no longer subject to such "ethics rules," only law and fact.

21. Jung Joo Moon again lies to this court as she herself placed into the record that she was provided with a "signed fee agreement," billing statements," description of services performed," etc.

22. On the one hand, Jung Joo Moon fights hard for a lifting of the automatic bankruptcy stay, to sue Debtor for a "refund" of the duly earned retainer fee of $10,000, but when Debtor relents and agrees to address it after Bankruptcy Judge Sean Lane refused to settle/resolve the matter, making it go to appeal, she gets crazy and upset.

23. As described and indicated above, because of both Jung Joo Moon's erratic behavior and multiple court filings, plus coupled with the Bankruptcy Court's refusal to even entertain her pleadings and Debtor's replies, a material issue of fact and law exists such that the fee dispute may or may not be active, no longer subject to the bankruptcy stay, and so Debtor retained an expert fee dispute collections law firm/agency the Schutzer Group to navigate the matter using its own 35 years of expertise.

24. Later, in Jung Joo Moon's "Section IV" of her chicken scratch "pleading," she again makes a demand for a "refund" of her previously paid and duly earned retainer fee of $10,000, so why won't she dialogue/communicate with the Schutzer Group, who was retained to handle her (and 70 other accounts receivables) erratic, contradictory, craziness?

25. As an aside matter, posting a publicly available court pleading on Scribd or anywhere else is not "defamation."

Respectfully submitted,

*[signature]*

Rahul Manchanda (Pro Se Debtor)
270 Victory Boulevard
New Rochelle, New York 10804
Tel: (646) 645-0993

-4-

**COPIES TO:**

**Via ECF, U.S. Mail, or Email:**

SDNY Bankruptcy Judge Sean H. Lane
300 Quarropas Street
White Plains, New York 10601

Marianne T. O'Toole, Esq.
2 Depot Plaza, Suite 2 E
Bedford Hills, NY 10507
trustee@otoolegroup.com
Chapter 7 Trustee

Salvatore LaMonica, Esq.
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
sl@lhmlawfirm.com
Chapter 7 Trustee

Dana Walsh Kumar, Esq.
86 Chambers Street
Ste Floor 3
New York, NY 10007
dana.walsh.kumar@usdoj.gov
Counsel for the United States of America

Greg M. Zipes, Esq.
Alexander Hamilton Custom House
One Bowling Green
Ste 534
New York, NY 10004
greg.zipes@usdoj.gov
Counsel to the United States Trustee for Region 2

Leo V. Gagion, Esq.
Office of Letitia James, Attorney General for the State of New York
28 Liberty Street, 17th Floor
New York, NY 10005
leo.gagion@ag.ny.gov
Counsel for the Honorable Suzanne Adams and Miles J. Vigilante

Linda Donahue, Esq.
Peter Dean, Esq.
New York State Department of Financial Services
One State Street

New York, NY 10004
linda.donahue@dfs.ny.gov
Peter.Dean@dfs.ny.gov
Counsel for New York State Department of Financial Services

John T. Powers, Esq.
Hodgson Russ LLP
140 Pearl Street, Suite 100
Buffalo, NY 14202
tpowers@hodgsonruss.com
Counsel to Amguard Insurance Company and Keith Grunberg-Daniels

Jeremy Shockett, Esq.
Anderson Kill P.C.
7 Times Square, 15 th Floor
New York, NY 10036
jshockett@andersonkill.com
Pro se

Payarc
Julio Loaiza
Roberto Swartz
Sonia Chacon Anaya
411 W Putnam Avenue
Ste 340
Greenwich, CT 06830
support@payarc.com
support@payarc.net
Pro se

Eric Weissman
Connell Foley LLP
875 Third Avenue, 21st Floor
New York, NY 10022
EWeissman@connellfoley.com
Pro se

PaymentcloudInc.
Shawn Silver
16501 Ventura Blvd
Ste 300
Encino, CA 91436
merchantsupport@paymentcloudinc.com
admin@paymentcloudinc.com
Pro se

Lisette Barajas

merchantsupport@paymentcloudinc.com
Pro se

Merlinkresponse.com
do-not-reply@merlinkresponse.com
Pro se

Payjunction
1903 State Street
Santa Barbara, CA 93101
Pro se

TSYS
1600 1st Avenue
Columbus, GA 31901
Pro se

Lawyers Fund for Client Protection
Michael Knight
119 Washington Avenue
Albany, NY 12210
Pro se

Charles Costello
Anderson Kill
7 Times Square
15th Floor
New York, NY 10036
21 Iris Road
Summit, NJ 07901
1527cgc@gmail.com
Pro se

William Rhule
3131 Hayes Road
#1920
Houston, TX 77082
mr.rhule@yahoo.com
Pro se

Melanie Sentin
710 Elyria Avenue
Amherst, Ohio 44001
Pro se

Patricia Valencia
22 3rd Street

Floor 2N
North Arlington, NJ 07031
patival@icloud.com
Pro se

Andre De Castro and Blockchain of Things
225 East 36th Street
#3E
New York, NY 10016
3401 North Miami Avenue
Suite 2030
Miami, FL 33127
Pro se

David Kaplan, Esq.
225 West 25th Street
Apt 6F
New York, NY 10001-7130
davekaplannyc@aol.com
Pro se and Counsel to Andre De Castro and Blockchain of Things

Byron Quintanilla
Quintanilla Law PLLC
917 Northern Blvd
Ste 1
Great Neck, NY 11021
byron@askquintanillalaw.com
Pro se

Anna and Betzabeth Flores
431 Tecumseh Avenue
Mt Vernon, NY 10553

Tanya Clark
Chief Clerk
New York County Civil Court
111 Centre Street
New York, NY 10013

Micah Lopez
16 Brevoort Road
Chappaqua NY 10514

Remi Shea, Esq.
27 Madison Avenue
New York NY 10010